IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| WILLIAM PAUL AULD, | ) | Cause No. CV 10-70-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On June 17, 2010, Petitioner William Auld filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Auld is a state prisoner proceeding pro se.

On June 21, 2010, Auld was ordered to show cause why his federal petition should not be dismissed as time-barred or procedurally barred. He responded on July 1, 2010.

**I. Background**

Following a jury trial, Auld was convicted in Montana's Fourth Judicial District Court of one count of misdemeanor assault and one count of tampering with

1

witnesses. He appealed. On August 16, 2006, the Montana Supreme Court affirmed. Pet. (doc. 1) at 2-3 ¶¶ 1-8. Auld filed a timely petition for rehearing. It was denied on September 13, 2006. Docket, State v. Auld, No. 04-613 (Mont. filed Sept. 8, 2004).[1]

Auld did not file a petition for postconviction relief. Pet. at 3 ¶¶ 11-12. On June 19, 2009, he filed a petition for writ of habeas corpus in the Montana Supreme Court. It was denied on July 1, 2009. Id. ¶ 14; Auld v. State, No. OP 09-0367 (Mont. filed June 19, 2009). On February 23, 2010, his application for sentence review was denied. Pet. at 3 ¶ 9; State v. Auld, No. DC 03-325 (Sentence Review Div. Feb. 23, 2010) (Pet. Ex. 2 (doc. 1-2) at 1-2).

All of Auld's claims in his federal petition concern the legitimacy of his conviction and the effectiveness of his attorneys at trial and on direct appeal. Pet. at 7-25.

## II. Analysis

For better or worse, federal courts are not always permitted to hear habeas claims on their merits. In Auld's case, two procedural obstacles stand in his way: the federal statute of limitations and the doctrine of procedural default.

---

[1] The docket and documents for this case are available on the Montana Supreme Court's website, http://supremecourtdocket.mt.gov (accessed June 17, 2010).

Auld's petition for writ of habeas corpus had to be filed within one year of the date his conviction became final. That occurred on December 12, 2006. Sup. Ct. R. 13(3). His petition should have been filed on or before December 12, 2007. He filed on May 18, 2010, nearly two and a half years too late. Thus, his petition is time-barred. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In addition, the Montana Supreme Court denied Auld's state habeas petition because, under state law, "[h]abeas corpus is not available to collaterally attack the validity of conviction of a person who was convicted in a court of record who has exhausted the remedy of appeal." Order at 2, Auld, No. OP 09-0367 (Mont. July 1, 2009) (citing Mont. Code Ann. § 46-22-101(2)).[2] Mont. Code Ann. § 46-22-101(2) has been firmly established for nearly twenty years. In accordance with the statute, the Montana Supreme Court did not consider the merits of his claims. Therefore, the statute is both firmly established and independent of federal law. The Court believes the Montana Supreme Court has consistently applied the statute since its decision in Lott v. State, 150 P.3d 337, 342 ¶ 22 (Mont. 2005). Auld shows no evidence to the contrary. Therefore, his federal petition is also procedurally barred. Ake v.

---

[2] Any claims in Auld's federal petition that were not raised in his state petition are defaulted because no state remedies remain available to him. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc).

3

Oklahoma, 470 U.S. 68, 74-75 (1985); Collier v. Bayer, 408 F.3d 1279, 1284 (9th Cir. 2005).

Following the Order to Show Cause, Auld asserts that he has made a sufficient showing of actual innocence. Resp. to Order (doc. 5) at 1. If he has, both the time bar and the procedural bar could be excused. He must show that, "in light of all the evidence . . . it is more likely than not that no reasonable juror would find [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).

Neither Auld's petition nor his response to the Order to Show Cause meet that standard. He concedes that he asked a witness, Chad Onthank, to call Auld's parole officer and "to leave out the part about me drinking alcohol." Pet. (doc. 1) at 12, 16. That is witness tampering. Mont. Code Ann. § 45-7-206(1)(b) (2001). To be convicted of witness tampering, a person need not know that an official investigation is pending or the type or goal of the investigation. He must only believe that an investigation is pending or about to begin. Id. § 206(1). Auld was a parolee who became involved in a bar fight. He undoubtedly knew an investigation was about to begin. That is why he told his friend "to leave out the part about me drinking alcohol." Obstruction of justice, Mont. Code Ann. § 45-7-303(2), is not a lesser included offense of witness tampering, Pet. at 10. It would have applied only if

4

Onthank was himself an offender whom Auld protected.

As for the misdemeanor assault charge, Auld admits that he kicked George Bruun in the head.  He appears to assert self-defense, but the only evidence of that is his own statement.  Pet. at 14.  That is not enough to show a probability that no reasonable juror would have convicted him.  See Mont. Code Ann. § 45-5-201(1)(c).

Auld cannot show actual innocence.  Both the time bar and the procedural default are unexcused.  The petition should be dismissed with prejudice.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This is a straightforward case.  Auld's claims were not heard in state court because he attempted to file a petition for writ of habeas corpus rather than a postconviction petition.  His federal petition was also filed too late.  He offers no

5

excuse for either the time bar or the procedural default.  He cannot show actual innocence because he admits, in his petition, the elements of felony witness tampering, Pet. at 12, 16, and the elements of misdemeanor assault, id. at 14.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or

waive the right to appeal.

<u>Auld must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of July, 2010.

      /s/ Jeremiah C. Lynch  
Jeremiah C. Lynch  
United States Magistrate Judge